UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**VALERIE MCFEE**  CASE NO. 3:20-CV-00968

**VERSUS**  JUDGE TERRY A. DOUGHTY

**FREDS STORES OF TENNESSEE INC ET AL**  MAG. JUDGE KAYLA D. MCCLUSKY

## MEMORANDUM RULING

This is an action sounding in tort for personal injuries brought by Plaintiff Valerie McFee ("McFee") against Defendants Safety National Casualty Corporation ("Safety National") and Fred's Stores of Tennessee, Inc. ("Fred's").

Pending before the Court is a Motion for Summary Judgment [Doc. No. 12] filed by Safety National. The Motion is unopposed.

For the following reasons, Safety National's Motion for Summary Judgment is **GRANTED** and McFee's claim against Safety National is **DISMISSED WITH PREJUDICE**.

### I. FACTS AND PROCEDURAL HISTORY

McFee alleges she was injured after falling in a Fred's store on June 24, 2019 [Doc. No. 1-3. p. 5]. McFee claims her left foot slipped in a wet substance while she was shopping, causing her to fall forward into the shelves and land on her left knee. *Id.* This allegedly resulted in injuries to her left leg, back, and other injuries. *Id*. McFee maintains that Fred's negligence was the sole cause of the accident. *Id.* at 6.

McFee commenced the captioned action by filing a Petition for Damages (the "Petition") in the 4th Judicial District Court, Ouachita Parish, Monroe, Louisiana, on June 23, 2020 [Doc. No. 1-3]. The case was removed to this Court on July 29, 2020, pursuant to 28 U.S.C. Sections

1334, 1452, 1441, and 1446 [Doc. No. 1]. Defendant has now filed the instant Motion for Summary Judgment [Doc. No. 12].

McFee filed suit against Fred's asserting negligence [Doc. No. 1-3, p. 4]. She alleges the resulting damages were due to negligent hiring by Fred's, negligent supervision, failure to train employees, and failure to monitor, evaluate, amend and/or sanction unsafe and/or hazardous policies and procedures conducted on the premises. *Id* at 5-6. She included Safety National as a Defendant as Fred's alleged liability insurer. *Id* at 7.

Fred's has since filed Chapter 11 bankruptcy in the United States Bankruptcy Court for the Eastern District of Delaware and those proceedings are still pending [Doc. No. 1, p. 2]. Fred's has not paid any amount to McFee in satisfaction of this claim [Doc. No. 12, p. 2].

The Safety National Policy at issue, General Liability Policy No. GL 4046906 (the "Policy"), is a general liability insurance policy [Doc. No. 6, p. 2]. Safety National issued the Policy to Fred's for the period of August 1, 2018, to July 31, 2019 [Doc. No. 12, p. 2]. Safety National alleges that the Policy contains a Self-Insured Retention Endorsement, which made the Policy's coverage subject to first satisfying a $350,000 per-occurrence self-insured retention ("SIR") [Doc. No. 12-4, pp. 44-45]. The pertinent section of the Policy states:

> [Safety National's] obligation to pay damages and medical expenses to, or on behalf of, [Fred's] applies **only to that portion of the Ultimate Net Loss in excess of the applicable Self-Insured Retention** shown in the above Schedule…
> …The amount that would otherwise be payable by [Safety National] as damages and medical expenses under the above described liability coverages, **will be excess of the amount of the Self-Insured Retention.**

> It further specifies:
> If a per-occurrence self-insured retention amount is shown in the above Schedule, **it is a condition precedent to [Safety National's] liability** under the Coverage Form that Fred's make actual payment of all damages and medical expenses for each 'occurrence' or offense until [Fred's] has paid the self-insured retention amount equal to the applicable per-occurrence amount shown in the Schedule…

…**Satisfaction of the Self-Insured Retention amounts by [Fred's] is a condition precedent** to [Safety National's] liability for amounts in excess of the Self-Insured Retention **regardless of insolvency or bankruptcy or inability to pay by [Fred's].** Accordingly, bankruptcy, insolvency, receivership, or any refusal or inability to pay by [Fred's] or [Fred's] estate will not operate to:
1. Deplete or reduce the Self-Insured Retention;
2. Increase [Safety National's] liability under this policy; or
3. Relieve [Safety National] of its obligations to pay under this Policy.

**In no event will [Safety National] assume responsibility or obligations of [Fred's].**

[Doc. No. 12-4, pp. 44-45] (emphasis added).

In a letter to a Claims Examiner at Sedgewick Claims Management Services, a third-party adjusting service assigned to assist Safety National in evaluating the claim, McFee asserts that she incurred $9,004.20 in medical bills over a three-and-a-half-month period of treatment [Doc. No. 12, p. 4]. Further, the letter claimed McFee was released "with a good prognosis." *Id.* Based on this information, there was interest in a settlement for $45,097.00 by McFee's counsel. *Id*.

In their answer to the Petition, Safety National denies all allegations that it is responsible for any portion of McFee's claims [Doc. No. 6]. Safety National asserts coverage by it should only apply to the portion of McFee's claim that exceeds $350,000, and, even then, Safety National would only be liable after Fred's has paid the full $350,000 SIR [Doc. No. 12, pp. 5-6]. Safety National alleges Fred's has not exhausted its SIR and McFee's claims do not, and cannot, exceed $350,000 based on the evidence. *Id.* at 4. The issues have been briefed, and the Court is prepared to rule.

II. **LAW AND ANALYSIS**

A. **SUMMARY JUDGEMENT**

Summary judgment shall [be] grant[ed] … if the movant shows that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(A). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in this case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). The nonmoving party must show more than some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor.

In deciding unopposed summary judgment motions, the Fifth Circuit has noted that a motion for summary judgment cannot be granted simply because there was no opposition. *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 fn.3 (5th Cir. 1995). The movant has the burden to establish the absence of a genuine issue of material fact and, unless it has done so, the court may not grant the motion, irrespective of whether any response was filed. *Powell v. Delaney*, 2001 WL 1910556, at 5-6 (W.D. Tex. June 14, 2001). Nevertheless, if no response to the motion for summary judgment has been filed, the court may find as undisputed the statement of facts in the motion for summary judgment. *Id.* at 1 and n.2; see also *Thompson v. Eason*, 258 F. Supp. 2d 508, 515 (N.D. Tex. 2003) (where no opposition is filed, the nonmovant's unsworn pleadings are not competent summary judgment evidence and movant's evidence may be accepted as

undisputed). See also: *UNUM Life Ins. Co. of America v. Long*, 227 F. Supp. 2d 609 (N.D. Tex. 2002) ("Although the court may not enter a 'default' summary judgment, it may accept evidence submitted by [movant] as undisputed."); *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex.) ("A summary judgment nonmovant who does not respond to the motion is relegated to his unsworn pleadings, which do not constitute summary judgment evidence.").

The court has no obligation to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

### B. ANALYSIS

An insurance policy is an agreement between the parties and should be interpreted according to the general rules of contract interpretation. *Smith v. Matthews,* 611 So.2d 1377, 1379 (La. 1993). The parties' intent, as reflected by the words of the policy, determine the extent of the coverage. LA. CIV. CODE ART. 2047. Louisiana law requires a court to enforce an insurance policy as written. *Epps v. City of Baton Rouge*, 604 So.2d 1336, 1349 (La. App. 1st Cir. 1992).

Whether an excess insurer is liable only for the amount of the clam in excess of the retained limits or whether its coverage drops down to that of the primary insurer is determined by the words of the excess policy. *Louisiana Ins. Guar. Ass'n v. International Ins. Co.*, 551 So.2d 50, 52 9 (La. App. 1st Cir. 1989); citing *Gibson v. Kreihs*, 538 So.2d 1057, 1059 (La. App. 4th Cir. 1989). The content of the policies in the *Louisiana Ins. Guar. Ass'n* and *Gibson* cases are essentially identical to the insurance Policy in the instant case. *Id.* In both cases, the courts ruled that the excess insurer could not be held to cover amounts that were not first subject to the primary retention amount. *Id.*

The language of the Policy clearly indicates that Safety National will only cover any amount in excess of Fred's own SIR. Because the language of the Policy controls, coverage will not be enforceable against Safety National unless the claim is in excess of $350,000 and Fred's has paid this full amount. There is no evidence that shows McFee's claim could reach $350,000, as she attempted to settle for $45,097, and the three-and-a-half-month treatment she received was only $9,004.20. Further, the evidence shows Fred's has not paid its SIR, as required by the Policy.

Safety National has satisfied its burden of establishing the absence of a genuine issue of material fact. Since the policy could only cover amounts above $350,000, Fred's had not exhausted its SIR, and since McFee's claim cannot exceed $350,000, Safety National is entitled to Summary Judgement. Safety National's Motion for Summary Judgement is **GRANTED**.

### C. CONCLUSION

For the reasons set forth herein, Defendant Safety National's Motion for Summary Judgement [Doc. No. 12-1] is **GRANTED**.

All claims against Safety National are **DISMISSED WITH PREJUDICE**.

MONROE, LOUISIANA, this 16th day of June 2021.

Terry A. Doughty
United States District Judge